FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 APR 24 AM 11:57
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 117-034 |
| | * | |
| REALITY WINNER | * | |

# O R D E R

Defendant Reality Winner seeks relief under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A). The government opposes the motion. Upon due consideration, the Court denies Winner's request for relief.

Winner pled guilty to a violation of 18 U.S.C. § 793(c), willful retention and transmission of national defense information, on June 26, 2018. While Winner faced a statutory maximum of ten years, and an advisory sentencing guideline range of 87 to 108 months, the Court accepted the parties' Rule 11(c)(1)(C) plea agreement, in which the parties agreed to a sentence of 63 months. Winner is currently incarcerated at FMC Carswell, a federal medical prison for women in Fort Worth, Texas. Her expected release date is November 23, 2021.

The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release in the district court. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after [she] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, Winner states that she submitted a written request to the Warden of FMC Carswell on April 8, 2020, but she filed the instant motion only two days later. Because she has not given the Warden and the BOP an opportunity to review her petition for release, the present motion before the Court is simply premature.

Despite Winner's contentions to the contrary, neither the statute nor case law creates any special exception to the mandatory language that the BOP essentially must be given at least thirty days to consider any request for compassionate release. See Ross v. Blake, --- U.S. ---, 136 S. Ct. 1850, 1856 (2016) (finding that courts cannot ignore the mandatory language of the Prison Litigation Reform Act's exhaustion statute even to accommodate

2

special circumstances). This waiting period is appropriate because the BOP is better positioned to assess an individual inmate's present circumstances. In the context of the COVID-19 pandemic, where the BOP has implemented policies and proactive measures to protect the health and safety of its prisons' populations,[1] and where the Attorney General has directed the BOP to "immediately maximize appropriate transfers to home confinement . . . where COVID-19 is materially affecting operations,"[2] the expertise and informed assessment of the BOP should not be heedlessly omitted from the process. Accord United States v. Raia, Case No. 20-1033 (3d Cir. Jan. 3, 2020), Am. Opinion of Apr. 8, 2020, Doc. 25, at 8 (stating that "[g]iven BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added - and critical - importance" in connection with the COVID-19 pandemic).

---

[1]   (See generally Gov't Response in Opp'n to Def.'s Mot. for Compassionate Release, Doc. 345, at 6-10 and sources cited therein.)

[2]   Memorandum from the Attorney General to the Director of Bureau of Prisons, dated Apr. 3, 2020, *available at* https://www.justice.gov/file/126661/download (last visited Apr. 23, 2020). See also Memorandum from the Attorney General to the Director of Bureau of Prisons, dated Mar. 26, 2020, *available at* https://www.justice.gov/file/1262731/download (last visited Apr. 23, 2020) ("I am hereby directing you to prioritize the use of your various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic.").

Upon due consideration of the foregoing, Defendant's motion for compassionate release is premature and must be denied.

That said, the Court will comment on the merits of Winner's bid for compassionate release. A district court may reduce a term of imprisonment, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Congress did not define what constitutes "extraordinary and compelling circumstances" other than to express that "[r]ehabilitation of the defendant alone" is insufficient. See 28 U.S.C. § 994(t). Rather, Congress instructed the Sentencing Commission to promulgate the "criteria to be applied and a list of specific examples" of extraordinary and compelling reasons. Id.

The existing policy statement of the Sentencing Commission, adopted before passage of the First Step Act, provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).

Winner essentially concedes that she does meet the criteria for any of these categories since she resorts to the catch-all category of application note 1(D). This fourth category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added). Despite the emphasized language, Winner insists that after the passage of the First Step Act, the Court may now determine whether an extraordinary or compelling reason for reduction in sentence exists independent of the BOP's assessment. The Court disagrees.

Winner's contention in this regard is not without support. Some courts have determined that the First Step Act signaled an intent from Congress that district courts may now consider whether extraordinary and compelling reasons for compassionate release exist other than those delineated in U.S.S.G. § 1B1.13 n.1. See United States v. Brown, --- F. Supp. 3d ---, 2019 WL 4942051, *4 (S.D. Iowa Oct. 8, 2019) (holding that the district court now assumes the same discretion as the BOP Director when it considers a compassionate release motion); United States v. Fox, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("I treat the previous BOP discretion to identify other extraordinary and compelling reasons as assigned now to the courts."); United States v. Beck, 2019 WL 2716505 (M.D.N.C. June 28, 2019); United States v. Cantu, 2019 WL

5

2498923 (S.D. Tex. June 17, 2019). These courts have held that the policy statement of U.S.S.G. § 1B1.13 is simply outdated because it assumes that compassionate release may only be granted upon motion by the Director of the BOP. See, e.g., Beck, 2019 WL 2716505, at *5 ("There is no policy statement applicable to motions for compassionate release filed by defendants under the First Step Act.").

These cases, however, rest upon a faulty premise that the First Step Act somehow rendered the Sentencing Commission's policy statement an inappropriate expression of policy. This interpretation, and it appears to be an interpretation gleaned primarily from the salutary purpose expressed in the title of Section 603(b) of the First Step Act,[3] contravenes express Congressional intent that the Sentencing Commission, not the judiciary, must determine what constitutes an appropriate use of the "compassionate release" provision. See 28 U.S.C. § 944(t). Indeed, § 3582(c)(1)(A) as amended by the First Step Act *still* requires courts to abide by "applicable policy statements issued by the Sentencing Commission." See 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court will follow the policy statement in U.S.S.G. § 1B1.13 and deny Winner's motion because she does not meet the specific examples of extraordinary and compelling reasons

---

[3] Section 603(b) of the First Step Act is titled "Increasing the Use and Transparency of Compassionate Release."

and the Director of the BOP has not determined that circumstances outside of these examples exist to grant her relief. Accord, e.g., United States v. Lynn, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019) ("If the policy statement needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); United States v. Johns, 2019 WL 2646663 (D. Ariz. June 28, 2019); United States v. Gross, 2019 WL 2437463 (E.D. Wash. June 11, 2019); United States v. Heromin, 2019 WL 2411311 (M.D. Fla. June 7, 2019); United States v. Willis, 2019 WL 2403192 (D.N.M. June 7, 2019); United States v. Shields, 2019 WL 2359231 (N.D. Calif. June 4, 2019) (stating that there is no "authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments").

Finally, even if the Court were to conclude that the First Step Act gave it discretion to consider what constitutes extraordinary and compelling circumstances outside of the Sentencing Commission's policy statement, Winner would not be afforded the relief she seeks. Winner has not carried the burden of demonstrating that her specific medical conditions under the particular conditions of confinement at FMC Carswell place her at

a risk substantial enough to justify early release.[4] In fact, the Court is constrained to observe that Winner is in a medical prison, which is presumably better equipped than most to deal with any onset of COVID-19 in its inmates. See United States v. Clark, 2020 WL 1557397, at *5 (M.D. La. Apr. 1, 2020) (noting that compassionate release movant failed to provide evidence that "the BOP's plan to address the [COVID-19] pandemic will not adequately protect inmates"); United States v. Gileno, 2020 WL 1307108, at *4 (D. Conn. Mar. 19, 2020) (noting that compassionate release movant failed to show that "the plan proposed by the [BOP] is inadequate to manage the pandemic within [movant's] correctional facility, or that the facility is specifically unable to adequately treat [movant]"). In short, even if the Court had discretion in this matter, Winner has not demonstrated an extraordinary and compelling reason to reduce her sentence.

Upon the foregoing, Defendant Reality Winner's motion for compassionate release (doc. 341) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of April, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] The Court would be remiss not to point out Winner's incongruous complaint that she is at greater risk because of the preventative measures undertaken by the prison in response to COVID-19.