No. 20-11692

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

REALITY LEIGH WINNER,
Defendant-Appellant.

**APPEAL**
From the United States District Court
for the Southern District of Georgia
(Case 1:17-CR-00034-JRH-BKE)
Hon. J. Randal Hall,
UNITED STATES DISTRICT JUDGE

**APPELLANT'S TIME SENSITIVE MOTION FOR EXPEDITED APPEAL**

| | |
|---|---|
| JOE D. WHITLEY | LAURA E. COLLINS |
| BRETT A. SWITZER | **BAKER, DONELSON, BEARMAN,** |
| **BAKER, DONELSON, BEARMAN,** | **CALDWELL & BERKOWITZ, P.C.** |
| **CALDWELL & BERKOWITZ, P.C.** | 100 Light Street |
| 3414 Peachtree Road | Baltimore, Maryland 21202 |
| Monarch Plaza, Suite 1600 | Tel. (410) 685-1120 |
| Atlanta, Georgia 30326 | LCollins@bakerdonelson.com |
| Tel. (404) 577-6000 | |
| JWhitley@bakerdonelson.com | |
| BSwitzer@bakerdonelson.com | |

*Attorneys for Defendant-Appellant Reality Leigh Winner*

# CERTIFICATE OF INTERESTED PERSONS

*United States of America v. Reality Leigh Winner*, Appeal No. 20-11692

Counsel for Defendant-Appellant Reality Leigh Winner states that the following is a full and complete list of all entities and persons having an interest in the outcome of this appeal:

Aaron, David C., U.S. Department of Justice

Barnard, Thomas H., Attorney for Appellant

Bell, Jr., John C., Attorney for Appellant

Chester, Matthew S., Attorney for Appellant

Christine, Bobby, L., United States Attorney

Collins, Laura E., Attorney for Appellant

Davids, Justin G., Assistant United States Attorney

Durham, James D., Former Assistant United States Attorney

Edelstein, Julie A., U.S. Department of Justice

Epps, Hon. Brian K., United States Magistrate Judge

Grinter, Alison, Attorney for Appellant

Greenwood, Nancy, Assistant United States Attorney

Hall, Hon. J. Randal, United States District Judge

Larson, Amy E., U.S. Department of Justice

Mannino, Katherine C., Former Attorney for Appellant

McCook, Jill E., Former Attorney for Appellant

Nichols, Titus T., Attorney for Appellant

Rafferty, Brian T., Assistant United States Attorney

Robichaux, Mary Susan, U.S. Department of Justice

Rodriguez-Feo, Carli, CISO, U.S. Department of Justice

Solari, Jennifer G., Assistant United States Attorney

Switzer, Brett A., Attorney for Appellant

United States Department of Justice

Whitley, Joe D., Attorney for Appellant

Winner, Reality Leigh, Appellant

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

/s/Joe D. Whitley
JOE D. WHITLEY
BRETT A. SWITZER
**BAKER, DONELSON, BEARMAN,**
 **CALDWELL & BERKOWITZ, P.C.**
3414 Peachtree Road
Monarch Plaza, Suite 1600
Atlanta, Georgia 30326
Tel. (404) 577-6000
JWhitley@bakerdonelson.com
BSwitzer@bakerdonelson.com

LAURA E. COLLINS
**BAKER, DONELSON, BEARMAN,**
 **CALDWELL & BERKOWITZ, P.C.**
100 Light Street
Baltimore, Maryland 21202
Tel. (410) 685-1120
LCollins@bakerdonelson.com

## APPELLANT'S TIME SENSITIVE MOTION TO EXPEDITE APPEAL

For good cause shown, Defendant-Appellant Reality Leigh Winner ("Reality") moves this Court to expedite this appeal under Federal Rule of Appellate Procedure 27 and this Court's Internal Operating Procedure 3.

### Introduction and Summary

Reality is a 28-year-old woman, incarcerated at FMC Carswell in Fort Worth, Texas. She pled guilty to leaking a singular report of national defense information to a news outlet in violation of 18 U.S.C. § 793(e). On August 23, 2018, Judge Randal Hall of the Southern District of Georgia sentenced Reality to a sixty-three (63) month term of imprisonment. Reality accepted her sentence and served her time without incident, until the outbreak of the COVID-19 pandemic caused her to fear for her health in light of her underlying susceptibilities to the virus and the demonstrably inadequate response of the Bureau of Prisons ("BOP"), and in particular, FMC Carswell.

On April 10, 2020, Reality moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (the "Motion"). In her papers, she cited immunocompromise caused by her lifelong struggles with, among other serious medical conditions, bulimia nervosa, and susceptibility to pneumonia -- *coupled with the global COVID-19 pandemic* -- as extraordinary and compelling reasons warranting her release to home confinement. As the Centers for Disease Control and Prevention ("CDC") and

other medical experts recognize, both being immunocompromised and susceptibility to pneumonia are very serious underlying medical conditions that significantly increase the risk for severe illness from COVID-19.

Separate from and in addition to her underlying medical issues, Reality has coped, all her life, with symptoms and triggers for her conditions (e.g., stress, depression, etc.) by exercising and strictly managing her diet; however, FMC Carswell's response to the global pandemic allows neither. In other words, BOP's response effectively took away all of Reality's healthy coping mechanisms, which further exacerbates her susceptibilities, leaving her even more immunocompromised and vulnerable. The added stress of an unknown virus only makes matters worse.

Indeed, the BOP has placed counter-productive restrictions on prison life (ostensibly to control the spread of the virus), such as keeping prisoners in their cells with other inmates for up to eleven hours per day and cancelling all recreational activities, yet they still pile all of the inmates into the mess hall for bologna sandwiches twice a day. Nobody (inmates or staff) is wearing masks. At times, the facility operates without adequate hand sanitizer or soap. Public use areas like the telephones are not cleaned between uses. And prison staff cross-pollinate with all of the inmates without taking any extra precautions. Indeed, the BOP "response" makes matters worse for Reality and threatens to turn her 63-month sentence into a death sentence. She should be allowed to serve the remainder of her sentence --

approximately 19 months -- in home confinement with her family who will love and take care of her.

On April 24, 2020, Judge Hall denied Reality's Motion. Judge Hall's ruling is wrong on multiple fronts. First and most primarily, the trial court held that it was without jurisdiction to even hear Reality's Motion because release based on "extraordinary and compelling" grounds may *only* be requested by the BOP -- not the defendant. That holding is incorrect because it relies on an outdated policy statement issued by the United States Sentencing Commission's as an impermissible end-around the plain language of the federal statute, as amended by Congress in 2018 via the First Step Act. Reality's Motion explained that Judge Hall should not apply the policy statement, as written, because the statute now supersedes the policy statement and allows courts to consider a prisoner's release.[1] Notably, Judge Hall acknowledged "[Reality's] contention … is not without support."[2] Indeed, the *majority* of cases interpreting the Sentencing Commission's policy statement in view of the recently-passed First Step Act have reached the opposite conclusion the trial court did, leaving Judge Hall's ruling in the minority of cases. Thus, Reality asks this Court to confirm the correct application of the law in this Circuit and reverse the district court's ruling.

---

[1] *See* Appellant's Mot., ECF No. 341-1 at p. 5-11.
[2] *See* Order dated April 24, 2020, ECF No. 349 at p. 5.

6

Second, Judge Hall concluded that, because Reality had not exhausted her administrative remedies under the applicable statute -- here, requesting that the BOP consider her petition for release and wait a period of 30 days -- her Motion was premature. That conclusion is incorrect because, as briefed to the trial court, Reality *did* request release from the BOP (which mishandled her request) and, notwithstanding her request, courts across the country have determined such requirements to be futile and/or inapplicable in view of the exigency of the global pandemic. In any event, the requisite 30 days have now passed, and thus, this issue is now moot in Reality's case.

Third, the district court's back-up ruling (ostensibly on the merits, if the court had agreed with Reality on the law) is erroneous because it was based on sheer speculation, ignored the contrary evidence, and denied Reality the ability to put on additional supporting evidence at hearing. In holding that Reality failed to meet her burden to demonstrate "extraordinary and compelling" circumstances justifying her release, the trial court went out of its way to speculate, without any evidence at all, that FMC Carswell is "better equipped" to handle the global pandemic -- and, in the process, ignored the evidence provided by Reality that BOP's response on the whole, and FMC Carswell's response in particular, is and has been, woefully inadequate. Indeed, the trial court denied Reality an opportunity to present evidence at hearing and signaled its view of her request when, at the outset, it denied Reality's request

to expedite her Motion, somehow equating the circumstances of court staff in dealing with COVID-19 with those of an inmate being confined in close proximity to others without even the most basic precautions and preventative measures.

Considering the exigent, fluid, and dynamic nature of COVID-19 pandemic, and the grave stakes of the matter, Reality respectfully moves this Court to expedite the schedule of her appellate briefing for this appeal.

## ARGUMENT

**A. Reality faces irreparable injury if relief is withheld.**

With each passing day, COVID-19 continues to spread like wildfire throughout the BOP system. Every day that Reality remains incarcerated in another day that she can potentially become infected with COVID-19. She shares her cell with four other inmates within three feet of her for eleven hours of the day.[3] BOP staff members come and go from her facility, risking exposure of the virus daily[4] as the community spread level in Tarrant County, Texas remains at the "substantial" level.[5] Her requests for medical prescriptions have been ignored, in contradiction of the assertion that she is still receiving the medical care she needs during the BOP's pandemic-induced facility restrictions.[6] She has seen people taken out on stretchers,

---

[3] *See* Appellant's Reply, ECF No. 347 at p. 8.
[4] *See* ECF No. 341-1 at p. 17-18.
[5] Tarrant County COVID-19 Statistics, at https://www.tarrantcounty.com/en/public-health/disease-control---prevention/coronaviruas.html (last accessed on May 12, 2020).
[6] *See* ECF No. 347 at p. 8.

indicating that the BOP's reported number of cases are understated.[7] These conditions fly in the face of all guidance issued by the CDC and other leading authorities on preventing the spread of COVID-19.[8]

Reality's underlying conditions make her even more susceptible to the deadly virus that is confirmed present in her facility.[9] First, Reality is susceptible to pneumonia.[10] Reality also suffers from bulimia nervosa and copes with stress, depression, and other symptoms and triggers by binge eating, regurgitation, excessive exercise, or any combination thereof.[11] Reality is immunocompromised due to her various pre-existing medical conditions now exacerbated by the facility "lockdown." Indeed, "many people with eating disorders are immunocompromised, putting them squarely in the group of people for whom COVID-19, the disease caused by the coronavirus, could be most dangerous."[12]

---

[7] *Id.*
[8] *See* ECF No. 347 at p.13, n. 51 (citing CDC Coronavirus Disease 2019 (COVID-19), *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities* (April 18, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidancecorrectional-detention.html (last accessed April 21, 2020).).
[9] One inmate has died of COVID-19 and another is confirmed positive with the virus at FMC Carswell. *See* Federal Bureau of Prisons, COVID-19 Cases, *https://www.bop.gov/coronavirus/* (last accessed on May 5, 2020).
[10] *See e.g.,* ECF No. 347 at p. 13.
[11] *See* ECF No. 341-1 at p. 16.
[12] *See, e.g.*, Addy Baird, The Coronavirus Outbreak Is "Like A Nightmare" For People With Eating Disorders, (Mar. 20, 2020), at https://www.buzzfeednews.com/article/addybaird/coronavirus-quarantines-eating-disorders-recovery.

When paired with COVID-19, Reality's well-advised fear is that these illnesses and susceptibilities will spiral into a situation from which she may never recover. Indeed, both immunocompromise and susceptibility to pneumonia are recognized by the CDC and other authorities as dangerous underlying conditions.[13] Reality's depleted mental and physical states -- together with the inadequate, dangerous, and inaccurately reported response by BOP -- make her particularly susceptible to contracting and experiencing severe effects from the disease.

Reality was doing well until the COVID-19 pandemic occurred. However, Reality did not sign up for a possible death sentence or a punitive penalty that may leave her grievously ill when she pleaded guilty to her crime. Because she faces irreparable injury and possible death, Reality moves this Court to expedite her appeal.

**B. Reality is likely to succeed on the merits.**

Reality will brief the Court on a short list of enumerated errors when she files her Appellant brief, but one of the primary issues on appeal is one of statutory interpretation, and Supreme Court jurisprudence confirms the district court got it wrong. As Reality explained to the district court below, based on the plain language

---

[13] *See* ECF No. 347 at p.13, n. 51 (citing CDC Coronavirus Disease 2019 (COVID-19), People Who Are at Higher Risk for Severe Illness (April 15, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-athigher-risk.html (last accessed April 21, 2020)).

and clear intent of Congress in passing the First Step Act, which amended 18 U.S.C. § 3852 in 2018, inmates like Reality now have a clear and direct path to petition courts for relief. District courts still have the authority and discretion to grant such relief.

As the majority of courts have held, federal district courts may reduce a prisoner's sentence under the circumstances outlined in 18 U.S.C. § 3852(c). Substantively, under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Congress never defined the term "extraordinary and compelling reasons" in Section 3852(c), except to state that "[r]ehabilitation . . . alone" does not suffice. 18 U.S.C. § 994(t).[14] Rather, Congress directed the Sentencing Commission to define the term.[15] The Commission did so prior to the passage of the First Step Act, but it has not since updated the policy statement.[16]

---

[14] "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 18 U.S.C. § 994(t).
[15] *Id.*
[16] *See* U.S.S.G. §1B1.13 cmt. n.1(A)-(D).

11

Presently, and at all times since passage of the First Step Act, the Commission has been unable to update the Sentencing Guidelines because it lacks enough appointed commissioners to take this action.[17] While the application notes cite to health, age, and familial reasons as "extraordinary and compelling" grounds justifying release, the Commission also made clear that it is impossible to package all "extraordinary and compelling" circumstances into neat categories and thus created a non-exclusive catchall that recognized that other "compelling reasons" could exist.[18]

While a small number of courts (including the Southern District of Georgia) have concluded that the Sentencing Commission's policy statement prevents district courts from considering any "extraordinary and compelling reasons" outside of those expressly listed within the policy statement,[19] most district courts have concluded the opposite.[20] Indeed, the Southern District of Georgia's prior view is clearly out

---

[17] *See, e.g.*, *United States v. Maumau*, No. 08-cr-00785, 2020 WL 806121, at *1 n.3 (Feb. 18, 2020).

[18] *See United States v. Urkevich*, 2019 WL 6037391, at *3 (D. Neb. Nov. 14, 2019) (noting that §1B1.13 never "suggests that [its] list [of criteria] is exclusive"); *United States v. Beck*, --- F. Supp. 3d ----, 2019 WL 2716505, at *8 (M.D.N.C. June 28, 2019) ("Read as a whole, the application notes suggest a flexible approach . . . [and] recognize that the examples listed in the application note do not capture all extraordinary and compelling circumstances.").

[19] *See, e.g., United States v. Willingham*, No. CR113-010, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019); *United States v. Lynn,* No. 89-0072-WS, 2019 WL 3805349, at *2-*5 (S.D. Ala. Aug. 12, 2019).

[20] *United States v. Beck*, --- F. Supp. 3d ---- , No. 13-cr-186-6, 2019 WL 2716505 (M.D.N.C. June 28, 2019); *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019); *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086 (D. Me. July 11, 2019); *United States v. Redd*, No. 1:97-cr-00006-AJT, 2020 WL 1248493 (E.D. Va. Mar. 16, 2020); *United States v. Young*, No.

of step with the majority of recently-issued American First Step Act jurisprudence.[21] And as Judge Hall acknowledged in his Order, "[Reality's] contention … is not without support."[22]

In fact, as Reality will brief this Court on appeal, the district court's logic is backwards: Congress has the power to override any guidance or policy statement, *not* vice versa.[23] Commentary cannot bind courts when it violates federal statute.[24] So, the pertinent question becomes whether Congress would want to render § 3582(c)(1)(A)(i) inoperable due to the Commission's inability to revise § 1B1.13 and its commentary, or whether Congress would want to sever the legislatively invalidated portions of the guideline and its commentary allowing the statute to serve its function.[25] The answer is rather obvious based on the plain language of the statute and the clear legislative purpose. In passing the First Step Act, Congress clearly intended to override, at a minimum, those portions of § 1B1.13 and its commentary saying that only the BOP director could file a motion. This *necessarily* includes the entire basis for the district court's ruling – that is, the first clause of note 1(D) of the

---

2:00-cr-00002-1, 2020 WL 1047815 (M.D. Tenn. Mar. 4, 2020); *United States v. Maumau*, No. 08-cr-00785, 2020 WL 806121 (Feb. 18, 2020).
[21] *See Willingham*, 2019 WL 6733028, at *2.
[22] *See* ECF No. 349 at p. 5.
[23] *See e.g., United States v. Cantu*, --- F.Supp.3d---, 2019 WL 2498923 at *3 (S.D.Tex. 2019); United States v. Anderson, 686 F.3d 585, 591 (8th Cir. 2012).
[24] *See e.g., Stinson v. United States*, 508 U.S. 36, 45 (1993).
[25] *See e.g., United States v. Booker*, 543 U.S. 220, 247 (2005).

outdated commentary (previously restricting the catch-all provision to criteria determined by the BOP).[26]

Therefore, while the policy statement cited by the district court may provide "helpful guidance," it does not and cannot limit the court's independent assessment of whether "extraordinary and compelling reasons" exist under § 3582(c)(1)(A)(i).[27] And, as courts have recently held all across the country, the global pandemic of COVID-19 – coupled with a prisoner's own unique characteristics -- may constitute an "extraordinary and compelling" reason to grant release.[28]

---

[26] *See e.g., United States v. Cantu-Rivera*, No. H-89-204, 2019 WL 2578272 at *2, n.1 (S.D.Texas June 24, 2019) ("Because the current version of the Guideline policy statement conflicts with the First Step Act, the newly-enacted statutory provisions must be given effect").

[27] *See Beck*, 2019 WL 2716505, at *6; *Fox*, 2019 WL 3046086, at *3 ("I agree with the courts that have said that the Commission's existing policy statement provides helpful guidance . . . [but] is not ultimately conclusive given the statutory change.").

[28] *United States v. Hernandez*, No. 1:18-cr-00834-PAE, ECF No. 451 (S.D.N.Y. Apr. 2, 2020); *see also United States v. Rodriguez*, No. 2:03-cr-00271-AB, ECF No. 135 (E.D. Pa. Apr. 1, 2020) (granting compassionate release); *Perez*, No. 1:17-cr-513-AT, ECF No. 98 (same); *Gonzalez*, 2020 WL 1536155 (same); *United States v. Campagna*, No. 16 Cr. 78-01 (LGS), 2020 WL 1489829 (S.D.N.Y. Mar. 27, 2020) (same); *United States v. Williams*, No. 3:04-cr-00095-MCR-CJK, ECF No. 91 (N.D. Fl. Apr. 1, 2020) (same); *United States v. Garcia*, No. 2:95-cr-00142-JPS, ECF No. 196 (E.D. Wi. Mar. 27, 2020) (same); *United States v. Edwards*, No. 6:17-cv-3-NKM, ECF No. 134 (W.D. Va. Apr. 2, 2020) (same); *United States v. West*, No. 1:17-cr-00390-AT; ECF No. 53 (N.D. Ga. Mar. 30, 2020) (same); *United States v. Powell*, No. 1:94-cr-00316-ESH (D.D.C. Mar. 28, 2020) (same); *United States v. Copeland*, No. 2:05-cr-00135-DCN, ECF No. 662 (D.S.C. Mar. 24, 2020) (same); *United States v. Huneeus*, No. 1:19-cr-10117-IT, ECF No. 642 (D. Ma. Mar 17, 2020) (same); *United States v. Resnick*, No. 1:12-cr-00152-CM, ECF No. 461 (S.D.N.Y. Apr. 2, 2020) (same); *United States v. Hernandez*, No. 1:16-cr-20091-KMW, ECF No. 561 (S.D. Fl. Apr. 3, 2020) (same); *United States v. Barkman*, No. 3:19-cr-00052-RCJ-WGC, ECF No. 21 (D. Nv. Mar. 17, 2020) (same)

## C. The public interest and the balance of harms favor an expedited appeal.

The balance of harms and the public interest strongly militate in favor of an expedited appeal. The entire basis for Reality's motion (and so many like hers) is that she cannot afford to wait until she is removed from FMC Carswell in a stretcher (or worse) before she is afforded relief. Unfortunately, the district court foreclosed Reality's request for expedited treatment below based on flawed legal reasoning before considering any evidence. Indeed, on April 15, 2020, the district court denied Ms. Winner's request for expedited treatment, apparently equating its own circumstances with Reality's -- holding that, irrespective of the effect of COVID-19 on inmates, it "has affected all aspects of the judicial system in some capacity," and thus concluding that accelerated treatment was unwarranted.[29]

The irony of that ruling is telling; Chief Judge Randal Hall apparently concluded that COVID-19 was serious enough that the court should not place others (presumably, court staff and other judicial personnel) in harm's way[30] -- but that it is not serious enough to justify expedited treatment for an inmate (infinitely more susceptible to this deadly virus; confined to close quarters, where "social distancing" is not an option) seeking her freedom from this disease. As a result, Reality has already lost valuable time, and her health remains at risk.

---

[29] *See* Order dated April 15, 2020, ECF No. 344 at p. 1-2.
[30] *See e.g.,* ECF No. 341 at p. 1 (*citing* Standing Orders MC 120-4 and MC 120-5).

15

Reality's appeal will ask this Court to consider several novel issues including, perhaps most importantly, whether the district court erred as a matter of law by narrowly construing 18 U.S.C. § 3582(c)(1)(A) based on an erroneous interpretation of an outdated policy statement (U.S.S.G. § 1B1.13) in a manner that contravenes Congress' clear intent and violates federal statute. This Court's decision will influence other Circuit Courts and district courts across the country. A favorable decision will pave the way for other prisoners to seek relief in accordance with the clear intent of the First Step Act. It will also provide much needed clarification as to whether district courts in this Circuit may decide what constitutes extraordinary and compelling circumstances outside of the specific factors listed in the Sentencing Commission's outdated policy statement.

Reality cannot adequately protect herself against infection in prison. Inmates are confined in close quarters, eat meals in large dining halls, and use communal showers and recreational facilities. As stated herein, *supra*, and in materials submitted to the district court below, it is logistically impossible for federal prisons to abide by CDC social-distancing guidelines. As a result, experts and BOP employees regard the federal prisons as ripe breeding ground for coronavirus.[31] If

---

[31] *See* Keegan Hamilton, *Sick Staff, Inmate Transfers, and No Tests: How the U.S. Is Failing Federal Inmates as Coronavirus Hits*, *Vice News* (Mar. 24, 2020) at https://www.vice.com/en_us/article/jge4vg/sick-staff-inmate-transfers-and-no-tests-how-the-us-is-failing-federal-inmates-as-coronavirus-hits ("Federal prison guards warn that a coronavirus outbreak is looming and could be catastrophic, causing 'mass chaos' in a correctional system responsible for more than 175,000 inmates across the United States.").

Reality contracts COVID-19, it will already be too late. This is a significant harm relative to her minor request that this Court shorten the timeline upon which her appeal might be heard. Therefore, the public interest and the balance of harms favor expediting Reality's appeal.

## **CONCLUSION**

For these reasons, this Court should expedite Appellant Reality Leigh Winner's appeal. Reality respectfully proposes the following briefing schedule:

| | |
|---|---|
| Reality's Appellate Brief | Due within 14 days after an order on this Motion |
| United States' Appellee Brief | Due within 14 days after Reality's brief filed |
| Reality's Reply Brief | Due within 7 days after Appellee's brief filed |
| Any Oral Argument | Within 7 days after the last brief is filed |

Prior to filing this Motion, counsel for Reality contacted counsel for the United States to request their consent to the above-referenced briefing schedule; however, the Government's counsel confirmed that they object to the request. Reality's counsel also contacted the Clerk of Court to alert the Clerk of this "time sensitive" request, as contemplated by the Local Rules.

DATED:　<u>May 12, 2020</u>　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　<u>/s/Joe D. Whitley</u>
　　　　　　　　　　　　　　　　　　JOE D. WHITLEY
　　　　　　　　　　　　　　　　　　BRETT A. SWITZER

17

                              **BAKER, DONELSON, BEARMAN,**
                               **CALDWELL & BERKOWITZ, P.C.**
                              3414 Peachtree Road
                              Monarch Plaza, Suite 1600
                              Atlanta, Georgia 30326
                              Tel. (404) 577-6000
                              JWhitley@bakerdonelson.com
                              BSwitzer@bakerdonelson.com

                              LAURA E. COLLINS
                              **BAKER, DONELSON, BEARMAN,**
                               **CALDWELL & BERKOWITZ, P.C.**
                              100 Light Street
                              Baltimore, Maryland 21202
                              Tel. (410) 685-1120
                              LCollins@bakerdonelson.com

                              *Counsel for Defendant-Appellant*
                              *Reality Leigh Winner*

## **CERTIFICATE OF COMPLIANCE**

The foregoing motion complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(2)(A) and 32(a)(5)(A), (6). The motion contains 4,435 words, excluding those parts of the motion exempt by the Eleventh Circuit Rule 26.1-3(c). This motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5) and 32(a)(6) because this motion has been prepared in a proportionately spaced typeface using Microsoft Word 2010 in Times New Roman 14-point font.

Respectfully submitted,

*s/ Joe D. Whitley*
Joe D. Whitley
Georgia Bar No. 756150

*Counsel for Defendant-Appellant*
*Reality Leigh Winner*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been served upon the following counsel of record by first class mail and/or by electronically filing the foregoing with the Court on this the 12th day of May, 2020.

Bobby L. Christine
Jennifer G. Solari
Justin G. Davids
Nancy Greenwood
U.S. Attorney's Office
P.O. Box 8970
Savannah, Georgia 31412

*s/ Joe D. Whitley*
Joe D. Whitley
Georgia Bar No. 756150

*Counsel for Defendant-Appellant*
*Reality Leigh Winner*