**No. 20-11692**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

**UNITED STATES OF AMERICA**,

Plaintiff-Appellee,

v.

**REALITY LEIGH WINNER**,

Defendant-Appellant.

---

On Appeal from the United States District Court
for the Southern District of Georgia

---

# GOVERNMENT'S RESPONSE TO WINNER'S MOTION TO EXPEDITE APPEAL

---

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

Justin G. Davids
Assistant United States Attorney

United States Attorney's Office
22 Barnard Street, Suite 300
Savannah, Georgia 31401
(912) 652-4422

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

COMES NOW the United States of America, by and through Bobby L. Christine, United States Attorney for the Southern District of Georgia, and files its Certificate of Interested Persons and Corporate Disclosure Statement as follows:

Aaron, David C., U.S. Department of Justice Attorney

Barnard, Thomas H., Attorney for Appellant

Bell Jr., John C., Attorney for Appellant

Chester, Matthew S., Attorney for Appellant

Christine, Bobby L., United States Attorney

Davids, Justin G., Assistant United States Attorney

Durham, James D., Former Assistant United States Attorney

Edelstein, Julie A., U.S. Department of Justice Attorney

Epps, Hon. Brian K., United States Magistrate Judge

Greenwood, Nancy C., Assistant United States Attorney

Hall, Hon. J. Randal, Chief United States District Judge

Hudson, David E., Former Attorney for Reporters Committee For Freedom of the Press

Larson, Amy E., U.S. Department of Justice Attorney

Mannino, Katherine C., Attorney for Appellant

McCook, Jill E., Former Attorney for Appellant

Nichols, Titus T., Attorney for Appellant

Rafferty, Brian T., Former Assistant United States Attorney

Reporters Committee For Freedom of the Press

Robichaux, Mary S., Assistant United States Attorney

Rodriguez-Feo, Carli, Interested Party

Solari, Jennifer G., Assistant United States Attorney

Switzer, Brett A., Attorney for Appellant

Whitley, Joe D., Attorney for Appellant

Winner, Reality, Appellant

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

# GOVERNMENT'S RESPONSE TO WINNER'S MOTION TO EXPEDITE APPEAL

This Court should deny Winner's motion to expedite this appeal. This Court may expedite an appeal only "for good cause shown." Fed. R. App. P. 27; 11th Cir. IOP(3). None of Winner's proffered reasons meets the good cause standard and this Court should decline to expedite briefing.

### *A. Winner fails to demonstrate she met the administrative exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A).*

#### *1. Winner admitted to the district court that she did not exhaust her administrative remedies.*

First, this Court should decline to expedite Winner's appeal because the district court was without jurisdiction to consider her compassionate release motion. Generally, the defendant has the burden to show she meets the circumstances justifying compassionate release. *See United States v. Saldana,* — F. App'x —, 2020 WL 1486892, at *4 (10th Cir. 2020); *see also United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). Section 3582(c)(1)(A) allows the district court to consider a compassionate release request "upon motion of the defendant *after* the defendant has fully exhausted all administrative rights to appeal a

failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." (emphasis added). Where a defendant fails to first exhaust her administrative remedies (or file an appropriate administrative request and wait the required 30-days), a district court is without jurisdiction to consider her compassionate release motion under § 3582(c)(1)(A). *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("As noted, Raia failed to comply with § 3582(c)(1)(A)'s exhaustion requirement: BOP has not had thirty days to consider Raia's request to move for compassionate release on his behalf, and there has been no adverse decision by BOP for Raia to administratively exhaust within that time period . . . ."); *see also United States v. Pope*, No. CR 216-024, 2020 WL 1956510, at *1 (S.D. Ga. Apr. 23, 2020) (holding in COVID-19 context that because defendant failed to exhaust administrative remedies court did not have jurisdiction to decide compassionate release motion).

Here, Winner failed to meet the 30-day administrative exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A). In her original motion for compassionate release, Winner alleged, without documentary support,

that on April 8, 2020, she "submitted a written request to the Warden of FMC Carswell in Ft. Worth, Texas, asking that he Petition the Bureau of Prisons ("BOP") for a reduction of her sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 341-1 at 4.)[1] The United States responded that it had inquired with BOP, which claimed, as of April 20, 2020, it had not received such a request from Winner. (Doc. 345 at 11 n.4.) Only in her reply brief did Winner attempt to provide evidence showing she actually submitted a request to BOP. (Doc. 347-2 at 8-12.)

None of the documents, though, were Winner's actual request or detailed what the basis of that request was. This is important because the date, as well as the content, of the request determines whether the defendant has appropriately exhausted her administrative remedies prior to filing in district court. For example, a defendant could not administratively request compassionate release from BOP based on needing to take care of a minor child, then subsequently file in the district court arguing for compassionate release instead based on COVID-19. *See United States v. Mollica*, No. 14-329, 2020 WL 1914956, at *6 (N.D. Ala.

[1] "Doc." refers to the district court's ECF docket in case No. CR 117-034 (S.D. Ga.).

Apr. 20, 2020) ("For a prisoner to file a motion for compassionate release under § 3582, the prisoner must first exhaust administrative remedies by seeking relief from the warden and having such relief either declined or ignored. 18 U.S.C. § 3582(c)(1)(A). While Ms. Mollica properly pursued administrative relief before she filed her first motion for compassionate release based on her transabdominal mesh and fibroid, she has provided no indication that she exhausted her administrative remedies regarding her complaint about COVID-19. Therefore, she cannot properly bring her motion to this court."). In this regard, Winner still has not established her burden by providing evidence that she followed the appropriate administrative procedure.

Because Winner did not include among her reply-brief exhibits a copy of her request to BOP, neither the district court nor this Court can ascertain if she (as many inmates do) asked to be placed on home confinement, rather than to be compassionately released. "It is important to understand that a request for home confinement under the CARES Act is different than a reduction-in-sentence (RIS) request based upon compassionate release." *See United States v. Allen*, No. CR 214-024, 2020 WL 2199626, at *1 (S.D. Ga. May 6, 2020). BOP is utilizing its

authority under 18 U.S.C. § 3623(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c)—to effectuate the CARES Act and the Attorney General's March 26, 2020 and April 3, 2020 memoranda.[2] *See Allen*, 2020 WL 2199626, at *1. BOP evaluates these requests differently, using different statutes and different BOP policies. *See Lynn*, 2019 WL 3082202, at *3 (explaining that "Section 60541(g) addresses home confinement, not release under Section 3582(c)(1)(a)"). In other words, if a prisoner requests home confinement, that is not the same as an RIS request based on compassionate release; it does not even start the 30-day clock under § 3582(c)(1)(A). *See id.*

In this case, upon receiving Winner's motion seeking compassionate release, the government asked BOP legal counsel if Winner's facility had

---

[2] The BOP, through delegation by the Attorney General, has sole discretion in designating a prisoner to home confinement; therefore, district courts are without jurisdiction to order the BOP to place a prisoner in home confinement. *See United States v. Calderon*, — F. App'x —, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that under § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and district court was without jurisdiction to grant relief); *United States v. Lynn*, No. 89-72, 2019 WL 3082202, at *3 (S.D. Ala. July 15, 2019) ("Congress has made the decision whether to place a prisoner in home confinement pursuant to Section 60541(g) exclusively that of the Attorney General and BOP, not the courts.").

received a compassionate-release RIS request from Winner, and was told that it had not. (Doc. 345 at 11 n.4.) Upon seeing Winner's reply-brief documents, the government communicated again with BOP legal counsel about Winner's inquiry, and was told that BOP had received a letter from Winner which it interpreted as a request for designation to home confinement, not an RIS request.[3] In fact, Winner's initial brief supports this interpretation, as her brief asked the district court to designate her to home confinement. (Doc. 341-1 at 4 ("Reality asks this Court to commute her sentence to home confinement . . . .")). If Winner submitted a request for home confinement, not compassionate release, then she never even started the administrative procedure required under § 3582(c)(1)(A) and her compassionate release motion in district court was untimely. Because her reply-brief exhibits do not reflect the basis of Winner's request to BOP—whether it was for designation to home

[3] In the district court, the Government filed a notice of its intent to file a surreply, where it anticipated addressing why its previous inquiries to BOP about the status of Winner's compassionate release request came back negative. (Doc. 348.) But the district court ruled before the Government could file its surreply. (Doc. 349.) BOP legal counsel indicated that the facility did not retain a copy of Winner's letter/request.

confinement or an RIS based on § 3582(c)(1)(A) and PS 5050.50—Winner did not meet her burden, and the district court was without jurisdiction.[4]

But even if it could be assumed that Winner did submit a valid administrative request for an RIS based on compassionate release and COVID-19, her motion was still untimely. Winner filed her motion in the district court on April 10, 2020, only two days after she claimed she made her administrative request to BOP. (Doc. 341.) Section 3582(c)(1)(A) does not allow a defendant to "pre-file" a motion early in district court in order hold her place, jumping in line ahead of other defendants who waited the statutorily-required 30-days before filing their compassionate release motions. *See Allen*, 2020 WL 2199626, at *1-*2 (noting that court did not have jurisdiction where defendant submitted request for compassionate release to warden but then did not wait 30 days prior to filing motion in district court).

---

[4] Arguably, because Winner had the burden of establishing that she exhausted her administrative remedies, the district court was not required to consider evidence she could have presented in her initial brief, but did not submit until she filed her reply brief. *See, e.g., McCray v. Cellco P'ship*, No. 10-2821, 2011 WL 2893061, at *3 (N.D. Ga. Apr. 8, 2011) ("The Court agrees with the Defendant's argument that the Court should not consider evidence and arguments raised for the first time in a reply brief.").

In her motion to expedite, Winner continues her attempt at line-jumping, suggesting that, regardless, it has now been more than 30-days since her April 8, 2020, request to BOP. Winner has not shown good cause why she should be allowed to circumvent § 3582(c)(1)(A)'s requirements and obtain hearings before the district court and, subsequently, this Court, under the argument that the 30-day timeframe would eventually pass during the course of litigation.

#### *2. Section 3582(c) is jurisdictional with no judicial exception.*

Winner contends—despite the statutory language that the court can reduce a sentence "upon motion of the defendant *after* the defendant has fully exhausted all administrative rights"—that the district court had the authority to excuse § 3582(c)(1)(A)'s administrative exhaustion requirement and allow her to proceed directly to court. Prior to the First Step Act, the Eleventh Circuit held that a district court was without jurisdiction to consider a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) unless the Director of BOP first filed it on the defendant's behalf. *See Cruz-Pagan v. Warden, FCC Coleman-Low*, 486 F. App'x 77, 79 (11th Cir. 2012) ("The plain meaning of this section requires a motion

by the Director as a condition precedent to the district court before it can reduce a term of imprisonment. The BOP has not made a motion on Cruz' behalf. Accordingly, we do not have the authority to modify his sentence under § 3582(c)(1)(A)."). While the First Step Act modified § 3582(c)(1)(A) to allow prisoners to file their own motions, it retained that such requests must be handled first through BOP's administrative process. *See* 18 U.S.C. § 3582(c)(1)(A). Nothing in the First Step Act's amendments to the statute altered this jurisdictional requirement—it simply modified the condition precedent requirement in light of allowing defendants the option of filing their own § 3582(c)(1)(A) motions.

Given the plain language and purpose of § 3582(c)(1)(A), the requirements for filing a sentence reduction motion—including the requirement that a defendant exhaust administrative remedies or wait 30 days before moving in court for compassionate release—are properly viewed as jurisdictional. Section 3582(c) states that a "court may not modify" a term of imprisonment except in enumerated circumstances. 18 U.S.C. § 3582(c). It thus "speak[s] to the power of the court rather than to the rights or obligations of the parties," *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994) (citation omitted), delineating "when, and under

what conditions," a court may exercise its "'adjudicatory authority,'" *Bowles v. Russell*, 551 U.S. 205, 212-13 (2007) (quoting *Eberhart v. United States*, 546 U.S. 12, 16 (2005) (per curiam)).[5]

Some have suggested that the exhaustion requirement of § 3582(c)(1)(A) may be excused by a court as "futile" during the present pandemic. However, there is no "futility" exception, and the Supreme Court has made clear that courts have no authority to invent an exception to a statutory exhaustion requirement. And in any event, a request in this context is not futile, because, as explained further below, BOP fully considers requests for compassionate release. Here, Winner filed her motion a mere two days after she allegedly submitted her request to BOP—she cannot reasonably claim futility when she did not even provide BOP with an opportunity to address her administrative request.

[5] Even if the exhaustion requirement of § 3582(c)(1)(A) is not jurisdictional, it is at least a mandatory claim-processing rule and must be enforced if a party "properly raise[s]" it. *See Eberhart*, 546 U.S. at 19 (holding that Fed. R. Crim. P. 33, which permits a defendant to move for a new trial within 14 days of the verdict, is a non-jurisdictional but mandatory claim-processing rule). The government raises the rule here, and it must be enforced.

The provision of § 3582(c)(1)(A) prioritizing administrative review therefore makes sense not only in the ordinary case, but also at this particular time. As the Third Circuit stated, "[g]iven BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Raia*, 954 F.3d at 597. Thus, even if this Court could ignore the mandatory exhaustion requirement, which it cannot, it would be imprudent to prevent BOP from engaging in that review.

In the end, Winner has not followed the appropriate procedures or exhausted her administrative procedures, as required by § 3582(c)(1)(A). The district court was without jurisdiction to consider her motion, and Winner should not be allowed to leapfrog other defendants who are appropriately following the statutory requirements. This includes expediting her appeal. For these reasons, she has not shown good cause and her request to expedite briefing should be denied.

### *B. The district court ultimately used its discretion to deny Winner's motion for compassionate release.*

In her motion for an expedited hearing, Winner expounds at length upon whether a district court has the authority, under § 3582(c)(1)(A), to determine what constitutes an "extraordinary and compelling reason" justifying compassionate release, unbound by any restrictions under § 3582(c)(1)(A), U.S.S.G. § 1B1.13 and application note 1. (Winner mot. 10-14.) That issue is ultimately immaterial, though, because the district court held, in the alternative, that it still would not grant Winner compassionate release, "even if the Court were to conclude that the First Step Act gave it discretion to consider what constitutes extraordinary and compelling circumstances outside of the Sentencing Commission's policy statement." (Doc. 349 at 7-8.) Winner's prediction of success on the merits of this legal argument, therefore, is of no matter because the district court has already explained it would deny her motion even if it agreed with her on that legal point. *Cf. United States v. Wyatt*, 798 F. App'x 595, 597 (11th Cir. 2020) (in context of § 404 of the First Step Act, upholding district court's alternative decision, in its discretion, to decline to reduce sentence "even if Wyatt's offense did qualify for reduction").

### *C. Winner does not establish that her situation requires expedited review more than any other COVID-19 related appeal.*

Ultimately, Winner cannot demonstrate good cause because she has not shown that her situation justifies expedited review more than any other defendant seeking an appeal of a COVID-19 related issue. Many defendants throughout the Eleventh Circuit are now seeking compassionate release based on COVID-19. Granting Winner expedited review based only on COVID-19, without anything more, would suggest that *all* appellants seeking COVID-19 related release should also receive expedited review. This is both unreasonable and impractical. Rather, in order to obtain expedited review in the COVID-19 context, the party filing the motion should demonstrate how their particular circumstances make expedited review necessary.

Winner claims that her health conditions create just cause for an expedited review. Indeed, she claims that she will be irreparably harmed if this Court does not expedite her appeal because she is immunocompromised due to her bulimia diagnosis. (Winner mot. 4-5, 9-10.) This claim, however, is not supported by a physician's report or

medical evidence of an immunocompromised condition.[6] And bulimia and depression are not among the conditions identified by the CDC as increasing a person's risk for developing serious illness from COVID-19.[7] Moreover, almost by definition, practically every defendant who submits a COVID-19 based request for compassionate release asserts health issues.

---

[6] The two medical records Winner submitted in support of her initial motion, exhibits 1 (Doc. 341-13) and 7 (Doc. 341-14), did not meet that threshold as they were prepared by her therapists and related to her bulimia, not by physicians who had evaluated whether she is immunocompromised. Moreover, none of the medical records were particularly recent. Exhibit 1 was from July 1, 2018, while Exhibit 7 contained records from March 2014 through January 2015.

[7] Groups at Higher Risk for Severe Illness, Centers for Disease Control and Prevention, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited May 13, 2020).

Therefore, because Winner has not demonstrated that her particular circumstances justify expedited appellate review, apart from the circumstances facing any other defendant appealing a COVID-19 related issue, the United States respectfully requests that this Court deny Winner's motion to expedite.

Date: May 18, 2020.

Respectfully submitted,

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

***s/ Justin G. Davids***

Justin G. Davids
Assistant U.S. Attorney
Missouri Bar No. 57661
justin.davids@usdoj.gov

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422

**CERTIFICATE OF COMPLIANCE AND SERVICE**

This motion complies with Fed. R. App. P. 27(d)(2) because it contains 2,847 words.

This response complies with Fed. R. App. P. 32(a)(5)(A) because I prepared it with Microsoft Word 2016 using Century Schoolbook, a proportionally spaced typeface, in 14-point font.

My office complied with 11th Cir. R. 25-3(a) by today filing this response electronically through the 11th Cir. E.C.F. system, thereby serving on counsel of record, Joe Whitley, at his Court-registered email address: JWhitley@bakerdonelson.com.

Date: May 18, 2020.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

***s/ Justin G. Davids***

Justin G. Davids
Assistant U.S. Attorney
Missouri Bar No. 57661
justin.davids@usdoj.gov

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422