No. 20-11692

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

United States of America,

Plaintiff-Appellee,

v.

Reality Leigh Winner

Defendant-Appellant.

_____

**APPEAL**

From the United States District Court for the Southern District of Georgia
(Case 1:17-CR-00034-JRH-BKE)
Hon. J. Randal Hall,
UNITED STATES DISTRICT JUDGE

_____

**APPELLANT'S REPLY IN SUPPORT OF HER
TIME SENSITIVE MOTION FOR EXPEDITED APPEAL**

_____

JOE D. WHITLEY  
BRETT A. SWITZER  
**BAKER, DONELSON, BEARMAN,**  
 **CALDWELL & BERKOWITZ, P.C.**  
3414 Peachtree Road  
Monarch Plaza, Suite 1600  
Atlanta, Georgia 30326  
Tel. (404) 577-6000  
JWhitley@bakerdonelson.com  
BSwitzer@bakerdonelson.com  

LAURA E. COLLINS  
**BAKER, DONELSON, BEARMAN,**  
 **CALDWELL & BERKOWITZ, P.C.**  
100 Light Street  
Baltimore, Maryland 21202  
Tel. (410) 685-1120  
LCollins@bakerdonelson.com  

*Counsel for Appellant Reality Leigh Winner*

## Certificate of Interested Persons

*United States of America v. Reality Leigh Winner*, Appeal No. 20-11692

Counsel for Appellant Reality Leigh Winner states that the following is a full and complete list of all entities and persons having an interest in the outcome of this appeal:

Aaron, David C., U.S. Department of Justice

Barnard, Thomas H., Attorney for Appellant

Bell, Jr., John C., Attorney for Appellant

Chester, Matthew S., Attorney for Appellant

Christine, Bobby, L., United States Attorney

Collins, Laura E., Attorney for Appellant

Davids, Justin G., Assistant United States Attorney

Durham, James D., Former Assistant United States Attorney

Edelstein, Julie A., U.S. Department of Justice

Epps, Hon. Brian K., United States Magistrate Judge

Grinter, Alison, Attorney for Appellant

Greenwood, Nancy, Assistant United States Attorney

Hall, Hon. J. Randal, United States District Judge

Larson, Amy E., U.S. Department of Justice

Mannino, Katherine C., Former Attorney for Appellant

McCook, Jill E., Former Attorney for Appellant

Nichols, Titus T., Attorney for Appellant

Rafferty, Brian T., Assistant United States Attorney

Robichaux, Mary Susan, U.S. Department of Justice

Rodriguez-Feo, Carli, CISO, U.S. Department of Justice

Solari, Jennifer G., Assistant United States Attorney

Switzer, Brett A., Attorney for Appellant

United States Department of Justice

Whitley, Joe D., Attorney for Appellant

Winner, Reality Leigh, Appellant

     No publicly traded company or corporation has an interest in the outcome of this case or appeal.

                                      */s/Joe D. Whitley*
JOE D. WHITLEY
BRETT A. SWITZER
**BAKER, DONELSON, BEARMAN,**
 **CALDWELL & BERKOWITZ, P.C.**
3414 Peachtree Road
Monarch Plaza, Suite 1600
Atlanta, Georgia 30326
Tel. (404) 577-6000
JWhitley@bakerdonelson.com
BSwitzer@bakerdonelson.com

LAURA E. COLLINS
**BAKER, DONELSON, BEARMAN,**
 **CALDWELL & BERKOWITZ, P.C.**
100 Light Street
Baltimore, Maryland 21202
Tel. (410) 685-1120
LCollins@bakerdonelson.com

## APPELLANT'S REPLY IN SUPPORT OF HER
## TIME SENSITIVE MOTION FOR EXPEDITED APPEAL

The Government's response brief is an inappropriate attempt to pre-brief the merits of this appeal. It presents no grounds to deny Defendant-Appellant Reality Winner's ("Reality") request for this Court to exercise its discretion to appropriately treat her motion for compassionate release as the life-and-death matter it (and COVID-19) really is. So far, Reality has been fortunate – and has not yet contracted the virus or suffered any serious health consequences as a result. But, Reality's request for compassionate release presents compelling and extraordinary grounds to justify the relief she seeks: to be released to go home and be with her family. And that request, in view of her health issues, is, of course, time-sensitive; her good luck thus far is the only thing that separates her from the thousands of inmates in the Bureau of Prison's ("BOP") custody who have contracted COVID-19 on BOP's watch, including at least fifty-seven (57) individuals who have already paid the ultimate price for BOP's egregious mishandling of the global pandemic.[1] Reality thus respectfully reiterates her request to hear her appeal on an appropriately expedited time frame, for good cause shown, so that the District Court's errors may be redressed before imminent harm is done.

---

[1] *See* Federal Bureau of Prisons, COVID-19 Cases, *https://www.bop.gov/coronavirus/* (last accessed on May 19, 2020).

> **A.     Whether the District Court erred in ruling that Reality had not exhausted her administrative remedies is an issue for this Court to determine on appeal, is baseless, and, in any event, is now moot.**

The Government's first argument in opposition to Reality's request for expedited treatment is that she allegedly had not exhausted her administrative remedies. The Government does not explain how this allegation supports its position that Reality's request is not time-sensitive and, in any event, the Government's allegation is unsupportable.

The legal issue of "exhaustion" will be addressed in greater detail in her Appellant Brief. But as Reality briefed the District Court, the 30-day exhaustion rule set forth in the compassionate release statute is a non-jurisdictional, claim-processing rule.[2] The Eleventh Circuit has not considered whether the specific sub-section at issue [*i.e.*, 18 U.S.C. § 3582(c)(1)(A)] is jurisdictional; but, it *has* considered a similar issue and agreed with the rulings of its sister Circuits – including the Second, Third, Fourth, Fifth, and Seventh – which have all found that it is improper and incorrect to characterize 18 U.S.C. Section 3582(c) as jurisdictional.[3]

---

[2] *See* Appellant's Reply, ECF No. 347 at p. 11-13.
[3] *See e.g.*, *United States v. Taylor*, 778 F.3d 667, 670-71 (7th Cir. 2015) (explaining, in context of § 3582(c)(2) motions, that "§ 3582 is not part of a jurisdictional portion of the criminal code" and stating "[t]he general rule that has emerged is that 'when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in character'" (*quoting Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006)); *United States v. Carlton*, 900 F.3d 706, 710-11 (5th Cir. 2018) (finding this statute is not "jurisdictional" and stating that when Congress does not clearly characterize a statutory limitation as jurisdictional,

5

This distinction is critical. Courts may waive non-jurisdictional, claim-processing rules, including statutory exhaustion requirements.[4]

Moreover, and in any event, the "exhaustion" issue is now moot for multiple reasons. <u>First,</u> the District Court analyzed the merits of Reality's motion for compassionate release and committed additional errors in so doing because it applied outdated policy guidance to override the plain language of the statute and clear intent of Congress in contravention and violation of the federal statute. <u>Second</u>, even if this Court determines that Reality had not exhausted her administrative options at

---

courts should not treat it as jurisdictional); *United States v. May*, 855 F.3d 271, 274-75 (4th Cir. 2017) (same); *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1245 (11th Cir. 2017) (same); *United States v. Weatherspoon*, 696 F.3d 416, 421 (3d Cir. 2012) (same); *Boos v. Runyon*, 201 F.3d 178, 183 (2d Cir. 2000) (holding that administrative exhaustion requirement is a claim processing rule and is not jurisdictional, meaning that the court "may waive it, in appropriate circumstances" and waiving requirement in interests of judicial economy); *Washington v. Barr*, 925 F.3d 109, 119 (2d Cir. 2019) (stating that "[e]ven where exhaustion is seemingly mandated by statute or decisional law, the requirement is not absolute" and finding that exhaustion can be waived where it would be futile, where the agency is unable to provide an adequate remedy, or where it would result in undue harm).

[4] *See e.g., Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1849 & n.5 (2019) (noting Supreme Court has reserved question of whether mandatory claim processing rules are subject to equitable exceptions); *see also Smith v. Berryhill*, 139 S. Ct. 1765, 1774 (2019) (stating that non-jurisdictional statutory exhaustion requirements can be waived by courts); *Patchak v. Zinke*, 138 S. Ct. 897, 906 (2018) (explaining difference between jurisdictional requirements versus "claim-processing rule[s]," "like a filing deadline or an exhaustion requirement," which require the parties to take certain procedural steps at certain specified times); *United States v. Kwai Fun Wong*, 575 U.S. 402, 405 (2015) (ruling that certain statutory claim processing rules are subject to equitable tolling); *Bowen v. City of New York*, 476 U.S. 467, 482-83 (1986) (waiving statutory exhaustion requirements, in part, because claimants would suffer irreparable injury if exhaustion requirements were enforced against them).

the time she filed her original motion, thirty (30) days has now passed since Reality submitted her request for petition for compassionate release with an express citation to 18 U.S.C. § 3582(c)(1)(A)(i) (allowing modification of an imposed term of imprisonment if the court finds that "extraordinary and compelling reasons" warrant modification or reduction). In other words, the government's exhaustion argument -- that is, that Reality needed to wait thirty (30) days before filing her motion -- no longer applies.

Whether or not it was ripe for the District Court at the time of her original filing,[5] it is certainly ripe for review now under the correct standard. Since the District Court applied the incorrect standard in "comment[ing] on the merits of Winner's bid for compassionate release," Reality will ask this Court to overrule this substantive analysis so the District Court will be informed as to the correct legal standard to apply on remand.

---

[5] The "exhaustion" issue has not stopped other lower courts from considering a prisoner's compassionate release motion before the passage of 30 days considering the exigent circumstances created by the COVID-19 pandemic. *See, e.g.*, *United States v. Haney*, No. 1:19-cr-541-JSR, 2020 WL 1821988, at *1 (S.D.N.Y. Apr. 13, 2020); *United States v. Perez*, No. 17-cr-513-3 (AT), 2020 WL 1546422, *1-3 (S.D.N.Y. Apr. 1, 2020); *United States v. Zukerman*, No. 16-cr-194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Colvin*, No. 19-cr-179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020).

> **B.    *In fact, Reality did exhaust her administrative remedies – the Government's arguments to the contrary are inapplicable and unfounded.***

As it concerns the issue of whether Reality submitted a request for compassionate release, the Government continues to flip-flop; while it now concedes Reality submitted a proper request to the BOP (the opposite position it took before the District Court), it complains, for the first time, that it is uncertain whether Reality is seeking a compassionate release or whether Reality instead seeks a reduction-in-sentence to home confinement under the CARES Act. As noted below, the Government's position is disingenuous and, in all events, yet again fails to address why expedited treatment of Reality's time-sensitive request is improper.

First, it is important to note the Government's seesawing. In the District Court, the Government claimed that BOP had not received any request from Reality for administrative relief at all.[6] This necessitated the Declaration of Alison Johnston Grinter, Esq., submitted under penalty of perjury. Ms. Grinter is one of Reality's Texas-based lawyers and helped Reality submit the request (not once, but twice) as contemplated by the statute on the form BP-229. Reality's BOP correctional counselor Bill Pendergraft provided Reality with the form as emailed to him by Ms. Grinter, and BOP staff-member Mary Gruszka assured Reality that she would hand-

---

[6] Appellee's Resp., ECF No. 345 at p. 11, n. 4.

deliver the completed form to the Warden.[7] Now, finally (nearly a month later and after necessitating an appeal), the Government acknowledges what Reality knew all along -- that BOP received the request(s) at least as of April 20, 2020.[8] But, the Government claims it was not reviewed as a request for compassionate release. This is astounding given that the written request cited to the applicable compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i) (and, of course, all the briefing in the District Court, including the Government's briefs, addressed Reality's request under the compassionate release statute).

In making this argument, the Government criticizes Reality for not having a copy of the submitted request. Yet Reality has provided actual evidence that the request was submitted, and the Government has admitted (after previously staking the opposite, inaccurate position) that the request was received.[9] Notwithstanding these concrete facts, the Government's insensitive position ignores Reality's request was accomplished during a time when visitors were prohibited from Reality's facility.[10] And, in all events, if BOP is not aware that Reality is seeking

---

[7] ECF No. 347 at p. 10.
[8] Appellee's Resp. to Motion to Expedite Appeal at p. 6, 8 ("The United States responded that it had inquired with BOP, which claimed, as of April 20, 2020, it had not received such a request from Winner."); *see also* Notice of Intent to File Sur-Reply, ECF No. 347, dated April 23, 2020.
[9] ECF No. 347 at p. 10; Appellee's Resp. to Motion to Expedite Appeal at p. 6, 8.
[10] Appellant's Reply, ECF No. 347-2 at pg. 3 & n.1 ("Ms. Winner's notes and recollection made contemporaneous with her submission is the best evidence of these facts available at present, especially in light of the present inability for counsel

9

compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which would allow her to serve the remainder of her sentence at home, then they are alone in that regard. Members of the press have had no trouble following along, and the District Court, Reality, and the Government have all briefed the issue under the compassionate release statute.[11]

---

to visit Ms. Winner at her facility due to COVID-19 related restrictions. This evidence directly contradicts the Government's statements.").

[11] *See e.g.*, Robin McDonald, Judge Rejects Reality Winner's Petition for Release From Prison Due to COVID-19 (April 24, 2020), available at https://www.law.com/dailyreportonline/2020/04/24/judge-rejects-reality-winners-petition-for-release-from-prison-due-to-covid-19/# (last accessed May 19, 2020) (referencing "compassionate release" and "extraordinary and compelling reasons").

See also ECF No. 341-1, **MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582** AND REQUEST FOR ORAL ARGUMENT, at p. 1 (Defendant Reality Leigh Winner respectfully moves … pursuant to the recent amended 18 U.S.C. § 3582(c)(1)(A)(i).), p. 5 ("This Court has Jurisdiction to Decide Whether Extraordinary and Compelling Reasons Exist to Grant Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).), p. 6, 7, 10, 12, 14, 25 ("For the foregoing reasons, this Court should grant Reality Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) and allow her to serve the remainder of her sentence at home with her family in light of the COVID-19 pandemic."); *see also* ECF No. 345, GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE **UNDER 18 U.S.C. § 3582(c)(1)(A)** AS AMENDED BY THE FIRST STEP ACT OF 2018, at p. 2 ("Winner now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), asserting that the COVID-19 pandemic endangers her health."), p. 3, 4, 6, 11, 14, 15, 16, 17, 19, 20, 21, 23, 24, 25; *see also* ECF No. 347 at p. 1 ("Defendant Reality Leigh Winner … pursuant to 18 U.S.C. 3582(c), hereby files this Reply Memorandum in Support of her Motion for Compassionate Release."), p. 10, 11, 12, 13.

### C. The District Court did not actually exercise its discretion – which will be another enumeration of error on appeal.

Despite the Government's suggestions that Reality did not meet her burden of proof,[12] the *only* evidence supplied to the District Court was evidence that supported relief under the compassionate release statute.[13] In fact, Reality supplied available medical records, the above-mentioned declaration, scholarly articles and letters, expert opinions, scientific data and reports (including those available to the public via the Government's own resources), and other primary and secondary source materials in support of her request, such as public reporting about the conditions at FMC Carswell.[14] Notably, she also included with her motion a specific request for a hearing,[15] so she could present additional evidence including more recent medical records in the custody of BOP since June of 2016. However, her request was futile from the outset -- the District Court immediately ruled, within days of the original filing, it would be rejecting Reality's request for a hearing, signaling its view of the

---

[12] Appellee's Resp. to Motion to Expedite Appeal at p. 6-10.
[13] *See generally* Record on Appeal; *see also*, *e.g.*, Appellant's Reply, ECF No. 347-2 at pg. 3, 8 (explaining that the request(s) specifically referenced 18 U.S.C. § 3582(c)(1)(A)(i) and incorporating communications with BOP referencing "compassionate release.").
[14] *Id.*
[15] *See generally* ECF No. 341.

11

seriousness of her request (or lack thereof, in its opinion).[16] In other words, the Court did not actually exercise its discretion.

To exercise its discretion (*i.e.*, to rule in a way that does not constitute error), a District Court must consider the evidence presented within the correct legal framework. Abuses of discretion occur when (1) the court fails to actually exercise discretion, deciding instead as if by general rule or even arbitrarily; (2) the court fails to take relevant facts constraining its exercise of discretion into account; or (3) its decision is based on erroneous conclusions of law or fact.[17] As Reality will demonstrate in her Appellant Brief, the District Court abused its discretion because it ran afoul of these important constraints, failed to consider the relevant factors, misapprehended the facts, and misapplied the law. The District Court substituted an arbitrary, pre-determined ruling for any actual exercise of discretion when it denied Reality's request for an opportunity to present evidence at a hearing. In effect, the District Court foreclosed the well-documented premise that BOP is ill-prepared to

---

[16] Order dated April 15, 2020, ECF No. 344 at p. 2 ("[A] hearing in this matter is not a certainty. Nothing in § 3582 (c) requires a hearing, and Federal Rule of Criminal Procedure 43(b)(4) does not require the presence of the defendant in a proceeding to correct or reduce sentence under § 3582(c).").

[17] *See e.g.*, *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 691 (11th Cir. 2001) (*citing James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993)); *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (same).

safely respond to and manage the COVID-19 dangers in federal prison facilities throughout the United States, including FMC Carswell.[18]

> **D.     At her evidentiary hearing, Reality would have presented evidence to respond to the Government's arguments (including those that it is raising for the first time now in this appeal).**

While it is inappropriate for the Government to raise new legal theories and arguments on appeal, the Government's new (or at least developing) positions – e.g., now claiming, for the first time, that Reality's request may not be under the compassionate release statute but may be a separate request under the CARES Act altogether -- reinforce why the District Court should not have ruled on the merits without a hearing. At the hearing, Reality would have addressed any questions about her request for administrative review, the Court could have heard from stakeholders at BOP and FMC Carswell about the BOP response generally and specifically at FMC Carswell, and her legal team could have introduced via subpoenaed documents or testimony Reality's more recent medical records, which are (of course) in the possession, custody, and control of the Government. All of this is critical evidence the District Court needed to evaluate in order to actually, appropriately, and

---

[18] *See* Order dated April 15, 2020, ECF No. 344 at p. 1-2 ("The current global pandemic wrought by COVID-19 has affected all aspects of the judicial system in some capacity. The Court will therefore not accelerate the briefing schedule for this matter."); Order dated April 24, 2020, ECF No. 349 at p. 7-8; *Cf.* Appellant's Reply, ECF No. 347 at p. 2-9, Ex. A [ECF No. 347-1], Ex. C [ECF No. 347-3], Ex. D [ECF No. 347-4].

effectively exercise its discretion. Instead, the Court entered a ruling for the Government even though the *only* evidence in the record supported the request for relief by Reality.

Presumably, this is why other District Courts have required actual evidence from BOP and individual facilities before ruling;[19] indeed, how else can the Court evaluate whether "extraordinary and compelling reasons" warrant relief if it does not afford the movant an opportunity to present evidence about facility conditions, coronavirus response, and the inmate's underlying medical conditions? This is why Reality respectfully submits that the Court of Appeals must reverse the District Court's ruling and remand for appropriate proceedings and application of the correct legal standard to be articulated by the Eleventh Circuit Court of Appeals in these proceedings.

## CONCLUSION

For these reasons and those in her original motion for expedited appeal, Reality respectfully requests that this Court expedite this appeal pursuant to the following briefing schedule:

| Reality's Appellate Brief | Due within 14 days after an order on this Motion |
|---|---|

---

[19] *See, e.g.*, Declaration of Juan A. Segovia, *Livas v. Myers*, No. 2:20-cv-422-TAD-KK, ECF No. 8-1, available online at https://www.fd.org/sites/default/files/covid19/bop_jail_policies_and_information/8-1_warden_affidavit.pdf (last accessed May 19, 2020).

14

| United States' Appellee Brief | Due within 14 days after Reality's brief filed |
| --- | --- |
| Reality's Reply Brief | Due within 7 days after Appellee's brief filed |
| Any Oral Argument | Within 7 days after the last brief is filed |

Notably, Reality intends to move more quickly than the proposed schedule, if possible, like she has done at all stages of briefing in both the District Court and this Court, and most of the proposed reductions in time comes from her own deadlines.

DATED:    <u>May 20, 2020</u>          Respectfully submitted,

/s/Joe D. Whitley
JOE D. WHITLEY
BRETT A. SWITZER
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
3414 Peachtree Road
Monarch Plaza, Suite 1600
Atlanta, Georgia 30326
Tel. (404) 577-6000
JWhitley@bakerdonelson.com
BSwitzer@bakerdonelson.com

LAURA E. COLLINS
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
100 Light Street
Baltimore, Maryland 21202
Tel. (410) 685-1120
LCollins@bakerdonelson.com

*Counsel for Appellant*
*Reality Leigh Winner*

15

## **CERTIFICATE OF COMPLIANCE**

The foregoing motion complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(2)(A) and 32(a)(5)(A), (6). The motion contains 4,174 words, excluding those parts of the motion exempt by the Eleventh Circuit Rule 26.1-3(c). This motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5) and 32(a)(6) because this motion has been prepared in a proportionately spaced typeface using Microsoft Word 2010 in Times New Roman 14-point font.

Respectfully submitted,

*s/ Joe D. Whitley*
Joe D. Whitley
Georgia Bar No. 756150

*Counsel for Appellant*
*Reality Leigh Winner*

## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing has been served upon the following counsel of record by first class mail and/or by electronically filing the foregoing with the Court on this the 20th day of May, 2020.

Bobby L. Christine
Jennifer G. Solari
Justin G. Davids
Nancy Greenwood
U.S. Attorney's Office
P.O. Box 8970
Savannah, Georgia 31412

            *s/ Joe D. Whitley*
            Joe D. Whitley
            Georgia Bar No. 756150

            *Counsel for Appellant*
            *Reality Leigh Winner*