

**U.S. Department of Justice**
United States Attorney's Office
Southern District of Georgia

*P.O. Box 8970*  *22 Barnard St., Suite 300*
*Savannah, Georgia 31412*  *Savannah, Georgia 31401*
*912-652-4388/FAX*  *912-652-4422*

October 16, 2020

David J. Smith, Clerk
United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia  30303

    Re:  *United States v. Winner*, No. 20-11692
Notice of Supplemental Authority under Fed. R. App. P. 28(j) and
Eleventh Circuit I.O.P.-6

Dear Mr. Smith:

    In its brief, the government argued that 18 U.S.C. § 3582(c)(1)(A)'s administrative exhaustion requirement was jurisdictional.  (Gov't Brf. 24.)  The Department now agrees that the 30-day requirement is a mandatory claim-processing rule, which must be enforced when raised by the government, such as in Winner's case. *See United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020); *United States v. Springer*, 820 F. App'x 788, 791-92 (10th Cir. 2020).

    In *United States v. Henry*, 968 F.3d 1276 (11th Cir. 2020), this Court reinforced that the guidelines are generally binding on courts. *See id.* at 1282-83.

    In *United States v. Denson*, 963 F.3d 1080 (11th Cir. 2020), this Court reiterated that "[d]istrict courts may modify a prison sentence after it is imposed only as authorized by statute or rule," and that "Congress has provided a 'narrow exception to the rule of finality" under the

circumstances set for in 18 U.S.C. § 3582(c)." *Id.* at 1086; *see also United States v. Jones*, 962 F.3d 1290, 1298 (11th Cir. 2020).

Additionally, in *United States v. Atkins*, No. 19-2376, 2020 U.S. App. LEXIS 25461 (6th Cir. Aug. 11, 2020), the Sixth Circuit explained that the defendant's *Booker* and *Apprendi* claims "meet none of the criteria of a sentence reduction under [§ 3582(c)(1)(A)]" and that "they are wholly unrelated to the 'extraordinary and compelling reasons' that might warrant compassionate release." *Id.* at *3; *see also United States v. Bell*, — F. App'x —, 2020 WL 5823316, at *1 (5th Cir. Sept. 30, 2020) (denying IFP request as frivolous because compassionate release motion based upon defendant's "unduly long" sentence did not meet any of the "extraordinary and compelling" circumstances listed in § 1B1.13); *cf. United States v. Taylor*, 820 F. App'x 229, 230 (4th Cir. 2020) (holding district court, in denying compassionate release motion, erred by relying on BOP PS 5050.50 "rather than the Sentencing Commission's policy statements" which "control the disposition of Taylor's motion").

Sincerely,

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

***/s/ Justin G. Davids***

Justin G. Davids
Assistant United States Attorney
Missouri Bar No. 57661
justin.davids@usdoj.gov

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422

## **CERTIFICATE OF SERVICE**

     I hereby certify that one copy of the foregoing letter has been served on all the parties in this case in accordance with the notice of electronic filing generated as a result of electronic filing in this Court on October 16, 2020.

                                          BOBBY L. CHRISTINE
                                          UNITED STATES ATTORNEY

                                          ***/s/ Justin G. Davids***

                                          Justin G. Davids
                                          Assistant United States Attorney
                                          Missouri Bar No. 57661
                                          justin.davids@usdoj.gov

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422