

**U.S. Department of Justice**
United States Attorney's Office
Southern District of Georgia

*P.O. Box 8970*  *22 Barnard St., Suite 300*
*Savannah, Georgia 31412*  *Savannah, Georgia 31401*
*912-652-4388/FAX*  *912-652-4422*

December 3, 2020

David J. Smith, Clerk
United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia  30303

      Re:   *United States v. Winner*, No. 20-11692
           Response to Winner's Notice of Supplemental Authority under
           Fed. R. App. P. 28(j) and Eleventh Circuit I.O.P.-6

Dear Mr. Smith:

     *United States v. Jones*, — F. 3d —, 2020 WL 6817488 (6th Cir. 2020), and *United States v. Gunn*, — F.3d —, 2020 WL 6813995 (7th Cir. 2020) are unpersuasive. They ignore that Congress has given sole authority to define "extraordinary and compelling" reasons under 18 U.S.C. § 3582(c)(1)(A) to the sentencing commission, not courts. *See* 28 U.S.C. §§ 994(a)(2), (t). The commission has done so in U.S.S.G. § 1B1.13 & application note 1. That definition is "binding" because substantively it "does not conflict with" either section 3582(c)(1)(A) or the constitution. *See United States v. Henry*, 968 F.3d 1276, 1282 (11th Cir. 2020).

     Moreover, *Jones* and *Gunn* recognize that this issue, to the extent there is one, will be resolved when the commission addresses the matter. *See Jones*, 2020 WL 6817488, at *7; *Gunn*, 2020 WL 6813995, at *2. This essentially recognizes that, until then, there is no statutory authority for a court to define "extraordinary and compelling" reasons on its own.

Finally, as discussed at oral argument, even if § 1B1.13 were not "applicable" (as used in § 3582(c)(1)(A)) to defendant-filed motions, its definition of "extraordinary and compelling" reasons should still apply under normal statutory interpretation. Section 3582(c)(1)(A) does not define that phrase. To interpret undefined terms, courts consult similar definitions in closely related contexts. Here, the closest context is U.S.S.G. § 1B1.13. *Gunn* essentially acknowledged this. *See* 2020 WL 6813995, at *2 ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused."). Where *Gunn* misses the mark is that the commission's definition—which certainly applies to BOP-filed motions—should also be strictly applied to defendant-filed motions because there is no reason to treat the two differently.

        Sincerely,

        BOBBY L. CHRISTINE
        UNITED STATES ATTORNEY

        ***/s/ Justin G. Davids***

        Justin G. Davids
        Assistant United States Attorney
        Missouri Bar No. 57661
        justin.davids@usdoj.gov

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

COMES NOW the United States of America, by and through Bobby L. Christine, United States Attorney for the Southern District of Georgia, and files its Certificate of Interested Persons and Corporate Disclosure Statement as follows:

Aaron, David C., U.S. Department of Justice Attorney

Barnard, Thomas Harold, Attorney for Appellant

Bell, Jr., John C., Attorney for Appellant

Chester, Matthew Scott, Attorney for Appellant

Christenson, David Andrew, Interested Party/Non-Party to Appeal

Christine, Bobby L., United States Attorney

Collins, Laura Elizabeth, Attorney for Appellant

Davids, Justin G., Assistant United States Attorney

Durham, James D., Former Assistant United States Attorney

Edelstein, Julie A., U.S. Department of Justice Attorney

Epps, Hon. Brian K., United States Magistrate Judge

Greenwood, Nancy C., Assistant United States Attorney

Grinter, Allison, Interested Party

Hall, Hon. J. Randal, Chief United States District Judge

Hudson, David E., Former Attorney for The Reporters Committee for Freedom of the Press

Larson, Amy E., United States Department of Justice Attorney

Mannino, Katherine Cicardo, Attorney for Appellant

McCook, Jill E., Former Attorney for Appellant

Nichols, Titus T., Attorney for Appellant

Rafferty, Brian T., Former Assistant United States Attorney

Reporters Committee for Freedom of the Press, The

Robichaux, Mary S., Assistant United States Attorney

Rodriguez-Feo, Carli, Interested Party

Solari, Jennifer G., Assistant United States Attorney

Switzer, Brett A., Attorney for Appellant

Weiss, Baruch, Attorney for Appellant

Whitley, Joe D., Attorney for Appellant

Winner, Reality, Appellant

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

## **CERTIFICATE OF SERVICE**

I hereby certify that one copy of the foregoing letter has been served on all the parties in this case in accordance with the notice of electronic filing generated as a result of electronic filing in this Court on December 3, 2020.

                              BOBBY L. CHRISTINE
                              UNITED STATES ATTORNEY

                              ***/s/ Justin G. Davids***

                              Justin G. Davids
                              Assistant United States Attorney
                              Missouri Bar No. 57661
                              *justin.davids@usdoj.gov*

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422